

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

GROVER SELLERS
WILL WILSON
ATTORNEY GENERAL

Honorable John H. Winters, Executive Director
State Department of Public Welfare
Austin 3, Texas

Dear Sir:

Opinion No. O-6074

Re: Interpretation of residence
requirements for employees
of the Department of Public
Welfare under the provisions
of Section 4 (7) House Bill
No. 611, 47th Legislature,
as amended by the Acts of
the 48th Legislature.

This will acknowledge receipt of your letter, which reads, in part, as follows:

"Section 4 (7) of House Bill 611, Acts of the 47th Legislature, Regular Session, as amended by Acts of the 48th Legislature, Regular Session, provides in part:

"' . . . . provided, however, that all employees of the Department shall have been residents of the State of Texas for a period of at least four (4) years next preceding their appointment.

"We are receiving many applications for employment from persons who have maintained legal residence for voting purposes within the State but who have been absent from the State over various periods of time within the last four years."

For convenience we regroup your questions as follows:

1. The character of legal residence required for employment with the State Department of Public Welfare?

2. Does the residence statute, supra, have reference to actual physical presence within the State or may the Public Welfare Department consider the intent of the prospective employee in determining the nature of his residence?

3. When a person's employment has necessitated his travelling over the country with only infrequent visits in Texas, but at all times

considered Texas his legal place of residence, paid his poll tax and voted in Texas, would his intention to return be sufficient to establish residence?

4. Would the statement of his intention to return to Texas be sufficient to establish residence in the absence of visits, payment of poll tax and voting in Texas, provided he had not claimed the right to vote in some other State?

5. Could the Public Welfare Department consider that a minor, whose parents are legal residents of the State of Texas, has fulfilled the residence requirement when the minor has been absent from the State continuously attending school or working for the four year period with only infrequent visits with her parents, residence being claimed solely on the basis that she acquired the residence of her parents.

6. If the minor had never actually lived in this State with her parents prior to going to school or accepting employment outside the State, would this make any difference in the decision?

Generally, where a statute prescribes residence as a qualification for the enjoyment of a privilege, or the exercise of a franchise, and/or whenever the terms are used in connection with subjects of domestic policy, domicile and residence are equivalent. 19 C.J. p. 397, 28 C.J.S. p. 7.

And it is our opinion that the Legislature, in enacting this residence statute, had in mind a state public policy, the prevention of appointment of transient workers in the Department of Public Welfare, and further intended residence to mean and be the same as domicile.

In a strict and legal sense the domicile of a person is the place where he has his true, fixed and permanent home and principal establishment, and to which, whenever he is absent, he has the intention of returning, or in other language, the place in which he has his fixed habitation, without any present intention of removing therefrom. Ex parte Blumer, 27 Tex. 734 (Quoting Store, Conflict of Laws). It will thus be seen that two things must concur to constitute domicile: First, residence; and second, the intention of making the place of residence one's home. See 15 Tex. Juris. P. 709, with cases cited.

While the intention must be constant, it is not necessary that the individual be physically resident continuously at the place in order there to maintain the domicile after it has once been acquired. Actual residence is not indispensable to the retaining of a domicile once acquired; it is retained by the mere intention not to change or adopt another. McIntyre v. Chappel, 4 Tex. 187, 197. And it is of no consequence how short the residence may have been; it is the fact of residence, coupled with intention that establishes the domicile. Republic v. Young, Dallas, 464.

The foregoing is, in our opinion, in general, the character of legal residence required for employment with the State Department of Public Welfare.

With regard to your second question, it is our opinion the residence statute, supra, has reference to both an actual physical presence within the State and intent. He must have established a domicile in Texas. To do that, as stated above, he must actually reside in the State and have an intention to remain, or not to adopt another or, if away, to return. If he should leave Texas, a change of domicile or residence depends on intention, or, as sometimes stated, on a dual intention to abandon the former domicile (Texas) and to acquire another. Sec. 28 C.J.S. p. 15, 16, with cases cited. Your second question, therefore, cannot be answered categorically.

Your third question in our opinion should be answered in the affirmative. Temporary residence, even if long, merely for the purpose of transacting business or of engaging in employment, with the intention of returning to the original home, is not sufficient for change of domicile. 28 C. J. S., p. 19, with cases cited. The place of exercise of the election franchise is important evidence on the question of domicile; it may be even the highest evidence, and has been called the most important of all the formal acts to be scrutinized in ascertaining a person's domicile. See cases cited, 28 C.J. S. p. 46. His intention to return and not adopt another domicile would be sufficient to establish residence.

With reference to your fourth question the person in question at all times considered Texas his home, though he did not pay his poll tax or vote here, nor visit here, but did not claim the right to vote in some other State.

An established domicile is not lost merely by temporary absence therefrom, or temporary residence elsewhere, however long continued, even for a period of years. A person intending to retain his old domicile, may reside almost indefinitely out of the locus of such domicile. In re Curtis, 178 N.Y.S. 286, 288. Furthermore, if an individual is shown to have been domiciled at a particular place, he will be deemed to have retained that domicile unless it is shown affirmatively that he acquired a residence elsewhere. Shepperd v. Cassiday, 20 Tex. 24, 29, 70 Am. Dec. 372.

If his statement of intention to return to Texas was honest, and not made for the purpose of creating evidence in his favor after he has become appreciative of the consequences of a change of domicile and not made to conceal another real intention, in our opinion it would establish his domicile as still in Texas, provided he at all times intended to return to Texas and had not established a domicile elsewhere.

We restate the facts involved in your fifth question. A minor whose parents are legal residents of Texas, claims residence in Texas solely on the basis that she acquired the residence of her parents. This minor has been absent from the State continuously attending school or working for the four year period with only infrequent visits with her parents.

Generally a person who is under the power and authority of another possesses no right to choose a domicile. Thus the domicile of a minor child is always that of the father, and necessarily changes with any change of the father's domicile. Cases cited 15 Tex. Juris. p. 715. 9 R.C.L. p. 547 #10. And a student who goes to a university, school or college is deemed to have retained his former domicile unless he shows an intention to make a change to the place in which the institution is located. See 9 R.C.L. p. 552, #15. In view of the foregoing we are of the opinion that the minor in question has fulfilled the residence requirements.

With reference to your last question, it is our opinion that as a minor's domicile is that of the father's a minor has complied with the residence statute, supra, though the minor has never actually lived with the parents in Texas before going to school or working outside the State, if the parents have been domiciled in this State for four years next preceeding the appointment.

We have assumed in the latter two questions that the parents were not divorced. We have further assumed in all questions that the residence or domicile upon which the question is based has been established for the required four years next preceeding the appointment.

Trusting this satisfactorily answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Benjamin Woodall
Benjamin Woodall
Assistant

By s/Elton M. Hyder, Jr.
Elton M. Hyder Jr.

EMH:ff:wc

APPROVED SEP. 13, 1944  s/Geo. P. Blackburn (ACTING) ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By BWB Chairman